**SO ORDERED.**

**SIGNED this 27 day of July, 2006.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

**CONVALESCENT CENTER OF
ROANOKE RAPIDS, INC.,**

                                                       **06-00310-8-JRL**

        **Debtor.**                                               **Chapter 11**

_____

## ORDER

This case is before the court on the motion to allow late claim filed by Fns, Inc. On July 18, 2006, the court conducted a hearing on this matter in Wilmington, North Carolina.

On February 3, 2006, the debtor filed its Chapter 11 case. Florence Nursing Service appeared as a creditor on the debtor's creditor matrix. Fns, Inc., is the corporate name of Florence Nursing Service (hereinafter "Creditor"). On February 6, 2006, the notice of the Chapter 11 case, the meeting of creditors, and deadlines was mailed to Creditor. At the hearing, Cynthia Spence, office manager of Creditor, testified that she had received that notice. It stated that the meeting of creditors would be held on March 14, 2006 in Wilson. Conspicuously below the details of the § 341 meeting, the notice stated in pertinent part:

1

**Deadlines to File a Proof of Claim**

Proof of claim must be *received* by the bankruptcy clerk's office by the following deadline:

For all creditors (except a government unit): **6/12/06**

The notice also provided the following explanation of claims in a Chapter 11 case:

> A Proof of Claim is a signed statement describing a creditor's claim. If a Proof of Claim form is not included with this notice, you can obtain one at any bankruptcy clerk's office. You may look at the schedules that have been or will be filed at the bankruptcy clerk's office. If your claim is scheduled and is not listed as disputed, contingent, or unliquidated, it will be allowed in the amount scheduled unless you filed a Proof of Claim or you are sent further notice about the claim. Whether or not your claim is scheduled, you are permitted to file a Proof of Claim. **If your claim is not listed at all or if your claim is listed as disputed, contingent, or unliquidated, then you must file a Proof of Claim by the "Deadline to File Proof of Claim" listed on the front side, or you might not be paid any money on your claim and may be unable to vote on the plan.** A secured creditor retains rights in its collateral regardless of whether that creditor files a Proof of Claim. Filing a Proof of Claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a Proof of Claim may surrender important nonmonetary rights, including the right to a jury trial. Filing Deadline for a Foreign Creditor: The deadline for filing claims set forth on the front of this notice apply to all creditors. If this notice has been mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline. (Emphasis added).

Schedule F, filed with the court on February 24, 2006, indicated that this claim was disputed. On March 8, 2006, the debtor filed a notice that the claim of Creditor was disputed. The certificate of service stated that the notice was sent to Creditor by United States mail. The debtors have provided affidavits of their attorney and paralegal to support that proper postage was placed on the envelope and that the notice was not returned to their attorney's office. Ms. Spence stated that Creditor did not receive a copy of the notice of disputed claim.

2

Four business days after the notice of disputed claim was mailed, Ms. Spence attended the § 341 meeting on behalf of Creditor. The debtor'a attorney asserted that, at the § 341 meeting, she summarized the activities in the case, including the filing of the notice of disputed claim. Moreover, Ronnette Cox, Vice President of the debtor, answered questions under oath raised by the Bankruptcy Administrator and creditors in the case. The debtor's attorney also stated that the schedules were available for review at the § 341 meeting. Ms. Spence recalled the announcement at the § 341 meeting that all creditors would be paid in the case; however, she did not specifically inquire regarding the status of Creditor's claim.

At the hearing, Ms. Spence admitted that she neglected to file a proof of claim on behalf of Creditor in this case. Bankruptcy Rule 3003(c)(2) states that a creditor "whose claim or interest is not scheduled or scheduled as disputed, contingent or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." Fed. R. Bankr. P. 3003(c)(2). Here, the prescribed time for filing proofs of claim was June 12, 2006, which appeared on the notice that Creditor received. Local Rule 3002-1 requires the debtor to give notice to each creditor whose claim is disputed. Local Rule 3002-1 further states: "Failure to notify a creditor that its claim is listed as disputed, contingent, or unliquidated shall result in the creditor's claim being deemed filed in the amount listed as disputed, contingent, or unliquidated, as though a proof of claim had been filed by the creditor." Creditor argues that it should be allowed to file a late claim in this case, as it failed to receive notice that its claim was disputed.

Rule 9006(e) states: "Service of process and service of any paper other than process or of notice by mail is complete on mailing." Fed. R. Bankr. P. 9006(e). Thus, the question is "whether the sender properly mailed the notice and not whether the intended recipient received it." Greyhound Lines, Inc. v.

3

Rogers (In re Eagle Bus Mfg., Inc.), 62 F.3d 730, 734 (5th Cir. 1995). While Ms Spence asserted that Creditor failed to receive notice of the undisputed claim, "denial of receipt is insufficient to rebut the presumption that proper notice was given, but it does raise a factual issue." Id. at 735. The Fifth Circuit has instructed that, to rebut the presumption that proper notice was given, the creditor must provide evidence that "notice was never mailed or that no other creditor received notice." Id. Here, Ms. Spence offered testimony that Creditor had experienced trouble sending and receiving mail in the past. There was no evidence that the notice of disputed claim had not been mailed. In fact, the debtor offered evidence in the form of affidavits that the notice had been sent on March 8, 2006 with proper postage, and that it had not been returned. Moreover, the certificate of service indicated that it was mailed to Creditor at its designated address.

Under Bankruptcy Rule 9006(b)(2), "the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr. P. 9006(b)(2). The Supreme Court has set forth a test for determining whether excusable neglect exists. Pioneer Inv. Services Co. v. Brunswick Ass'n Ltd. P'ship, 507 U.S. 380, 388-395 (1993). The Court stated that "neglect" encompasses "both simple faultless omissions to act and, more commonly, omissions caused by carelessness." Id. at 388. The debtor concedes that Creditor was neglectful in failing to timely file its proof of claim.

The second consideration is whether the conduct was "excusable." The determination of whether the neglect is excusable is an "equitable one, taking into account all relevant circumstances surrounding the party's omission." Id. at 395. Such circumstances include "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it

was within the reasonable control of the movant, and whether the movant acted in good faith." Id. First, allowing the late claim will cause prejudice to the debtor. The debtor prepared its amended plan after the claims bar date. Because Creditor failed to file a timely claim, the debtor did not include Creditor when determining payments to be made to unsecured creditors. If the claim is allowed, the debtor will have to amend its plan. Secondly, the court considers the delay in filing. The claims bar date was June 12, 2006, and Creditor filed the subject motion and proof of claim contemporaneously on July 13, 2006. The late filing will impact the case, as the plan will have to be altered to pay unsecured creditors over a longer period of time.

Next, the court considers whether it was in the reasonable control of Creditor to timely file a proof of claim. Here, Creditor received notice of the commencement of the case, which revealed the deadline for filing a proof of claim and explained the possible repercussions if the claim was disputed and no proof of claim was filed. Moreover, even if Creditor failed to receive notice of the disputed claim by mail, it had its office manager present at the § 341 meeting where she could have apprised herself of the status of the claim. In fact, as noted above, the debtor's attorney said she summarized the actions in the case at the § 341 meeting, including the filing of the notice of the disputed claim. The court finds that it was in the reasonable control of the debtor to timely file a proof of claim. Finally, while there is no evidence that Creditor failed to act in good faith, the court does not find the neglectful conduct of the Creditor excusable in this instance.

Based on the foregoing, the court denies the motion to allow the late claim filed by Creditor. Absent excusable neglect, reliance on claims bar dates are essential to the functioning of the bankruptcy system.

"END OF DOCUMENT"