**SO ORDERED.**

**SIGNED this 07 day of August, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILSON DIVISION

IN RE:

**CONVALESCENT CENTER OF
ROANOKE RAPIDS, INC.,**                                         06-00310-8-RDD

    Debtor.                                                  Chapter 11
_____

### ORDER

This case is before the court on the debtor's motion to compromise the claim of Omnicare of Carolina, Inc., ("Omnicare") and to resolve the remaining disputes between the debtor and Omnicare. On July 18, 2006, the court conducted a hearing on this matter in Wilmington, North Carolina. This order confirms the ruling provided at the conclusion of the hearing approving the compromise.

On September 10, 1999, the debtor contracted with Omnicare for the provision of pharmacy services for the debtor's residents during the time it operated its skilled nursing home facility. On February 3, 2006, the debtor filed for relief under Chapter 11. Thereafter, Omnicare filed a proof of claim (claim no. 5) in the amount of $92,484.96.

On June 9, 2006, Omnicare filed its "Motion For (I) Appointment of Trustee Or, In The Alternative, For Conversion, (II) Rehearing Or To Set Aside Order Conditionally Approving

Disclosure Statement, Fixing Last Day To File Objections To The Disclosure Statement, Fixing Last Day To File Acceptances / Rejections of the Plan, Setting Hearing On Confirmation Of The Plan, Directing That Ballots Be Filed, And Directing The Plan Proponent To File Reports on Ballots, And (III) Other Relief" (hereinafter "motion filed June 9, 2006"). On June 15, 2006, the debtor filed an objection to the claim of Omnicare, aserting that the debtor was entitled to certain credits pursuant to the Pharmacy Services Agreement that it entered with Omnicare. Omnicare disputed the allegations that the debtor was eligible for credits because the debtor allegedly failed to notify Omnicare of credit adjustments to each invoice within the 45-day period under the Pharmacy Services Agreement. On June 20, 2006, the debtor filed its amended plan and amended disclosure statement.

The debtor and Omnicare seek to resolve their outstanding disputes, including: (1) the debtor's objection to Omnicare's claim; (2) Omnicare's motion filed June 9, 2006; and (3) any potential objections to the debtor's amended plan and amended disclosure statement (except any objection necessary to ensure that the debtor complies with the compromise). The debtor and Omnicare propose the following terms for settlement of the outstanding disputes: (1) Omnicare shall have an allowed unsecured claim in the amount of $88,000.00; (b) Omnicare shall agree to accept 85% of its allowed claim in full satisfaction of its debt, contingent upon approval of this subject compromise and confirmation of the amended plan with such amount to be paid on the effective date as defined in the amended plan; (3) if the compromise is approved, Omnicare will not pursue its motion filed June 9, 2006 unless the debtor's amended plan is not confirmed; and (4) Omnicare will not oppose confirmation of the debtor's amended plan; however, it may oppose any provision of the amended plan that is inconsistent with the subject compromise.

The Bankruptcy Administrator opposes the compromise, asserting that the proposed treatment of Omnicare's claim is inconsistent with the allowed treatment provided for other unsecured creditors holding similar claims. The amended plan provides that unsecured claims in an amount greater than $30,000.00 shall be paid in full over five years with interest as well as a security interest in certain property. Alternatively, an unsecured claimant with a claim in excess of $30,000.00 may elect to be paid 35% of its claim on the effective date. The Bankruptcy Administrator asserts that the debtor has not offered other unsecured creditors with similar claims the same treatment as Omnicare. She asserts that the debtor has provided insufficient support and justification for the disparate treatment of Omnicare's unsecured claim.

Section 1123(a)(4) states: "Notwithstanding any otherwise applicable nonbankruptcy law, a plan shall provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest."11 U.S.C. § 1123(a)(4). As noted by the Third and Ninth Circuits, § 1123(a)(4) "only requires equality of treatment of claims or interests placed in the same class." In re Jersey City Med. Ctr., 817 F.2d 1055, 1061 (3d Cir. 1987); In re Acequia, Inc., 787 F2d 1352, 1363 (9th Cir. 1986). While § 1122 requires substantial similarity of claims in a particular class, it does not necessitate that all substantially similar claims be placed in a particular class; moreover, "it grants some flexibility in classification of unsecured claims." In re Bryson Properties, XVIII, 961 F.2d 496, 502 (4th Cir. 1992). Here, the debtor intends to treat Omnicare in a class of its own.

The compromise takes a disputed claim of $92,484.96 and reduces it to $74,800.00 to be paid on the effective date. This is a significant reduction of Omnicare's claim, and substantially similar claims have the option of being fully paid over a five-year period with interest and secured by a

second priority deed of trust on the debtor's real property. In light of this compromise resolving a number of disputes, Omnicare will be treated in a separate class of its own; however, even if it was treated in a class with other substantially similar claims, the court does not believe the compromise violates the equality of treatment requirement of § 1123(a)(4). The court, having examined the proposed compromise in light of the risks and rewards of not settling, approves the compromise proposed by the debtor and Omnicare, pursuant to Bankruptcy Rule 9019.

"END OF DOCUMENT"